**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10159 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-08018-GMS-1 |
| v. | |
| CALVIN BRYAN EVANSTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted April 11, 2011
San Francisco, California

Before:  KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

Calvin Bryan Evanston ("Evanston") appeals his conviction for assault resulting in serious bodily injury.  He alleges error in the admission of various statements because they were involuntary on the basis of intoxication and coercion, and because

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

he did not knowingly and intelligently waive his <u>Miranda</u> rights on those occasions in which he was Mirandized.  We affirm the admission of these statements.

*Un-Mirandized August 11 and August 15 Statements*

The voluntariness of a statement is determined under the totality of the circumstances.  <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973).  Intoxication does not preclude voluntariness unless it reaches the level of incapacitation that overcomes the defendant's free will.  <u>See</u> <u>Medeiros v. Shimoda</u>, 889 F.2d 819, 823 (9th Cir. 1989).  Evanston's intoxication when he made these statements did not reach this level.  Furthermore, police coercion is required in order to render a confession involuntary, <u>Colorado v. Connelly</u>, 479 U.S. 157, 167 (1986), but Evanston's outbursts and unsolicited statements on these dates cannot fairly be characterized as confessions.  Even if they were construed as such, there is no evidence of police coercion that could have rendered the statements involuntary, so suppression is not appropriate.  <u>See</u> <u>id.</u>

*Mirandized August 21, September 18, and October 6 Statements*

Evanston was informed of his <u>Miranda</u> rights on multiple occasions through the use of federal Advice of Rights forms.  He signed each form and initialed next to each right, indicating both that he understood his rights and that he wished to waive them. He at no point asked for an attorney, complained of confusion about his rights, or

asked to stop the interviews.  There was no police coercion.  Under the totality of the circumstances, the district court properly found that Evanston knowingly and intelligently waived his Miranda rights on each occasion.  See United States v. Crews, 502 F.3d 1130, 1140 (9th Cir. 2007).  Further, any failure of the interviewing officers to inform Evanston about the difference between tribal rights and Miranda rights did not preclude a knowing and intelligent waiver because there was no indication—at the time of questioning, at trial, or on appeal—that Evanston actually did not or could not understand his federal rights.  See United States v. Doe, 819 F.2d 206, 209 (9th Cir. 1985).

**ADMISSION OF EVIDENCE AFFIRMED.**[1]

---

[1] Evanston also appealed the district court's decision to allow supplemental closing arguments to break jury deadlock.  In a separate published opinion, we vacate Evanston's conviction and remand for a new trial on the basis that the use of supplemental closing arguments was an abuse of the trial judge's discretion to manage jury deliberations.